# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHEAL P. COTTON,<br><br>        Petitioner,<br>v.<br><br>WARDEN SCOTT ECKSTEIN,<br><br>        Respondent. | Case No. 18-CV-27-JPS<br><br><br><br>**ORDER** |

  On January 5, 2018, Petitioner Micheal P. Cotton ("Cotton")[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). Cotton has paid the $5.00 filing fee, and so the Court now turns to screening his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

  That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review, the Court will analyze whether the petitioner has complied with the

---

[1] All state court records spell Petitioner's name "Michael," but he spells it "Micheal" on his petition. Despite the odd variant spelling, the Court assumes Petitioner did not misspell his own name.

statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal claims.

On August 31, 2012, Cotton was sentenced in Milwaukee County Circuit Court to serve thirty-five years in prison after a jury convicted him of four counts of first-degree sexual assault of a child.[2] He initiated his direct appeal of the conviction and sentence on September 11, 2012, by filing a notice of intent to pursue post-conviction relief. However, as noted in the Court's review of Cotton's prior habeas petition, his post-conviction proceedings were very slow-going. *See Cotton v. Eckstein*, 17-CV-1103-JPS, 2017 WL 4162328, at *1 (E.D. Wis. Sept. 19, 2017).

In his earlier case, Cotton advanced a claim that the state court was not attending to his motions for post-conviction relief in a timely fashion. *Id.* The petition was dismissed because the appeal was decided after the filing of the petition but before the Court screened it, obviating the need for habeas relief. *Id.* at *2. Furthermore, the Court observed that to the extent Cotton wanted to bring his substantive habeas claims before this Court, they remained unexhausted because review was not yet had in the Wisconsin Supreme Court. *Id.*

On December 14, 2017, the Wisconsin Supreme Court denied discretionary review of Cotton's post-conviction motions and appeal. This petition followed.

First, the Court will consider the timeliness of Cotton's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28

---

[2]His case was designated Case No. 2011CF000071.

U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears that Cotton's petition is timely. He timely initiated his appeal and post-conviction proceedings in state court, but as a result of substantial delays, the trial court did not deny the first motion for post-conviction relief until October 16, 2015.[3] Cotton timely appealed that ruling on November 3, 2015.

The state court records then become somewhat confused, as it appears that the appeal was dismissed voluntarily after counsel withdrew and Cotton decided to proceed *pro se*. Cotton says he filed a supplemental post-conviction motion on May 9, 2016, and this is consistent with the ruling from the Wisconsin Court of Appeals. *See* (Docket #1 at 3); (Docket #1-1 at 7). That supplemental motion was denied in the trial court on June 2, 2016 and timely appealed from. The Wisconsin Court of Appeals issued its decision on the appeal and the two post-conviction motions on August 29, 2017, and the Wisconsin Supreme Court denied review on December 14, 2017. Because this petition was filed only a month later, even if there was a procedural fumble between the first and second post-conviction motions, creating a gap during which the statute of limitations ran, it would not amount to a year's time. At a minimum, the Court cannot say

---

[3] The written decision was not issued until November 6, 2015.

at this early stage that the petition is plainly barred by the statute of limitations.

Next, the Court analyzes whether Cotton fully exhausted his state court remedies as to his claims in this proceeding. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Cotton appears to have exhausted his remedies as to each of his three claims. Those claims are as follows: (1) insufficiency of the evidence, in violation of Cotton's due-process rights, based on discrepancies between the charging document and the evidence at trial; (2) violation of Cotton's right to a speedy trial under the Sixth Amendment premised on the 18-month delay between his charging and trial; and (3) ineffective assistance of trial counsel, in violation of the Sixth Amendment, based on (a) disclosure of Cotton's prior convictions to the

jury, (b) failure to object to allegedly prejudicial statements by the prosecutor during closing argument, and (c) failure to cross-examine witnesses regarding their prior statements to police concerning the alleged misconduct. (Docket #1 at 4).

As the Wisconsin Court of Appeals' August 29, 2017 decision reveals, Cotton presented each of these claims to the state courts for their consideration, save one: the claim of ineffective assistance of counsel based on the deficiencies in cross-examination. That claim, said the Court of Appeals, was never presented to the state trial court, meaning the appellate court could and did refuse to consider it. (Docket #1-1 at 9).[4]

But the problem with this straggler claim in this Court is not exhaustion of remedies, but procedural default. When the petitioner has already pursued state court remedies (as Cotton clearly has), but failed to present his claims properly to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief. . .but rather the separate but related doctrine of procedural default." *Perruquet*, 390 F.3d at 514; *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim"). That doctrine provides that a federal court cannot reach the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those

---

[4]Cotton pursued two additional ineffective-assistance theories (for a total of five) in the Wisconsin Court of Appeals, but these were rejected for the same reason as the cross-examination theory. (Docket #1-1 at 9). The first was that counsel failed to subpoena character witnesses, and the second was that counsel failed to investigate the medical condition of a key state witness. *Id.* Cotton does not advance either claim in this proceeding.

courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001).

Cotton did not present the cross-examination portion of his ineffective-assistance claim to the Wisconsin trial court before raising it in the Court of Appeals. As such, he violated one of Wisconsin's own procedural rules, *State v. Caban*, 563 N.W.2d 501, 505 (Wis. 1997) (holding that "even [a] claim of a constitutional right will be deemed waived unless timely raised in the circuit court"), and that supplied an adequate and independent ground for the disposition of the claim. The claim is procedurally defaulted. *See Gillis v. Grams*, No. 08-CV-117-BBC, 2008 WL 2512915, at *6 (W.D. Wis. June 20, 2008) (finding that the Wisconsin Court of Appeals' refusal to hear a claim based on *Caban* gave rise to procedural default); *Turner v. Pollard*, No. 13–CV–731–JPS, 2014 WL 5514169, at *7 (E.D. Wis. Oct. 31, 2014) (same).

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211–12 (7th Cir. 1996). To meet the "cause" requirement, there must have been some external impediment that prevented the petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Cotton acknowledges the procedural bar but contends that his claim should be reviewed anyway because his counsel was deficient in

failing to present it to the trial court. (Docket #1 at 27). This argument makes no sense in light of the Court of Appeals' ruling, in which it notes that Cotton's failure to raise certain ineffective-assistance theories in the trial court was his fault and stemmed from his supplemental post-conviction motion. (Docket #1-1 at 9 & n.2). Cotton does not explain further, but barrels ahead into a *Strickland* argument directed at the merits of trial counsel's performance.

Nevertheless, as the Court is allowing all of Cotton's other claims to proceed, the Court will permit this claim to proceed along with the others for the time being. Cotton is warned that his future submissions (in accordance with the Court's briefing schedule below) should address the matter of procedural default in earnest with respect to this claim, otherwise it will be dismissed on that ground.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Cotton's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Cotton's claims, it does not plainly appear that they are frivolous.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs

must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge